## VOUGHT v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term.   March 3, 1905.)

STREET RAILROADS—NEGLIGENCE—INJURY TO PEDESTRIAN.

In an action for injuries to a pedestrian by a street car, evidence *held* insufficient to show negligence on the part of defendant.

Giegerich, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Thomas W. Vought against the New York City Railway Company. From a judgment of the Municipal Court for plaintiff after a trial before the justice and a jury, defendant appeals. Reversed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

William E. Weaver, for appellant.

Jacoby & Dalberg (Melvin H. Dalberg, of counsel), for respondent.

SCOTT, J.   I am unable to find any evidence in the case showing negligence on the part of the defendant.   Certainly negligence cannot be attributed to the motorman of the south-bound car, and there is nothing to show whether the motorman of the uptown car was negligent in starting his car or not.   For all that appears in the case, the plaintiff, if he had proceeded across the street, would have safely cleared the car.   It is undoubtedly true that, if the evidence showed that, owing to the negligent act of the motorman of the uptown car in starting prematurely, so as to place plaintiff in imminent peril, the latter would not be charged with contributory negligence merely because he jumped back, and thereby reached a place of danger from the down car.   The difficulty with the plaintiff's case, however, is that it is not shown that by any act of the motorman of the uptown car plaintiff was in fact put in peril.   For all that appears, it was entirely unnecessary for him to have stepped back at all.   The motion to dismiss the complaint should have been granted, as the evidence stood.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

McCALL, J., concurs.

GIEGERICH, J. (dissenting).   The plaintiff, a letter carrier, received the injuries complained of while crossing Broadway at the corner of Houston street.   He was crossing from the west to the east on the line of the southerly crosswalk.   The evidence further establishes that when he started to cross he saw a north-bound car standing just below the southerly crosswalk and a south-bound car standing just above the northerly crosswalk.   The police officer then on duty gave him the word to cross.   As he stepped upon the easterly track, the car on that track started, whereupon he had to step back, as he testified, and the south-bound car on the other

track struck him. Some of the defendant's witnesses attempted to state the facts somewhat differently from the foregoing, but their testimony was inconsistent and conflicting. In my judgment, the verdict was right, and the damages awarded were moderate.

Some complaint is made of a remark of the plaintiff's counsel in the course of the trial, but the result does not indicate that that remark had any effect on the jury.

The judgment should be affirmed, with costs.